IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE BOOKHEIMER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF MONTGOMERY, et al., | : | No. 10-3381 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                             October 28, 2010

Julie Bookheimer sued Montgomery County, Diane Morgan, James Matthews, Joseph Hoeffel, and Bruce Castor for alleged violations of federal and state law stemming from her salary while she was the First Deputy Controller of Montgomery County. Bookheimer claims that although she was more experienced and senior than her male counterpart, she was paid less money to do the same job. Defendants have filed a motion to dismiss, or, in the alternative, for summary judgment. The Court will grant the motion to dismiss in part for the reasons below.

I.      BACKGROUND

On July 2, 1984, Montgomery County hired Julie Bookheimer as an Internal Auditor. (Compl. ¶ 8.) Over the course of her employment with Montgomery County, she was promoted to Internal Auditor/Information Systems Coordinator, Internal Auditor Manager, Deputy Controller Auditor, and First Deputy Controller. (*Id*. ¶ 9.)

She was to earn $94,000 a year as First Deputy Controller. (*Id*. ¶ 11.) Randy Schaible, a man, held the position of First Deputy Controller immediately prior to Bookheimer. (*Id*. ¶ 12.) Although Bookheimer's accounting experience and seniority exceeded Schaible's, he was paid

$97,000 a year. (*Id*. ¶¶ 13-14.) Bookheimer performed work equal to that of Schaible but was paid less money. (*Id*. ¶ 15.) In March of 2009, Bookheimer was demoted to Deputy Controller; her last day of employment with Montgomery County was June 15, 2010. (*Id*. ¶¶ 16-17.)

Bookheimer's Complaint includes four counts: claims under the Federal and Pennsylvania Equal Pay Acts, a claim under 42 U.S.C. § 1983, and a claim under the Pennsylvania Constitution for denial of Bookheimer's equality rights. In addition to suing Montgomery County, Bookheimer sued the following individuals: Diane Morgan, the elected County Controller of Montgomery County; James Matthews, a Montgomery County Commissioner; Joseph Hoeffel, a Montgomery County Commissioner; and Bruce Castor, also a Montgomery County Commissioner. All individual Defendants are sued in both their individual and official capacities.

**II.     STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should read the allegations in the light most favorable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id*. (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id*.

## III. DISCUSSION

### A. Claims Against Individual Defendants in Their Official Capacities

Morgan, Matthews, Hoeffel, and Castor contend that the claims against them in their official

capacities must be dismissed because Montgomery County has been named as a party and thus claims against these individuals in their official capacities are redundant. Plaintiff fails to address this issue, merely contending, without legal support, that all claims are viable and therefore should not be dismissed.

Defendants are correct. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (noting that lawsuits brought against officials in their official capacity are treated as lawsuits against the municipality that employs them). The claims against Morgan, Matthews, Hoeffel, and Castor in their official capacities are dismissed with prejudice.

**B.  Bookheimer's Federal and Pennsylvania Equal Pay Act Claims**

Defendants assert that Plaintiff's Equal Pay Act claim must be dismissed because she cannot demonstrate that she meets the definition of "employee" contained in the statute. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss and Mot. for Summ. J. at 7-9.) At this early stage of the proceedings, with no testimony or other evidence from Plaintiff about her daily job functions, this Court cannot dismiss this claim. While Defendants' argument that the First Deputy Controller of Montgomery County is not covered by the Equal Pay Act may ultimately carry the day, the Court will allow the claim to proceed to discovery. Similarly, Defendants' contention that Plaintiff's federal claims and her Pennsylvania Equal Pay Act claim must be dismissed because her predecessor was more qualified cannot be credited at this stage because the Court must accept Bookheimer's well-pleaded allegations as true. Thus, both her federal and state-law equal pay act claims must proceed.

**C.  Bookheimer's § 1983 Claim**

Bookheimer's § 1983 claim suffers from a defect in pleading and will therefore be dismissed

without prejudice. Bookheimer lists the positions held by the individual Defendants she sued and alleges that these Defendants acted under color of state law. Her Complaint, however, does not contain a single factual allegation related to any of the individual Defendants. The Complaint says that Defendant Montgomery County—not any particular individual Defendant— hired Bookheimer as an Internal Auditor in 1984. (Compl. ¶ 8.) Bookheimer cannot lump together her allegations against Montgomery County officials with her allegations against the county itself and hope that something sticks against the individuals. *See C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005) ("To impose liability on the individual defendants, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it.").

A municipality can be found liable under § 1983 if a governmental policy or custom was responsible for the injury suffered by the plaintiff. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Vicarious liability against a municipality is not available under § 1983. *A.M. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 580 (3d Cir. 2004). Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Bookheimer points to no policy or custom; she instead relies on a single incident of purportedly unconstitutional activity. Thus, her § 1983 claims will be dismissed.

### D. Bookheimer's Pennsylvania Constitutional Claims

Bookheimer also asserts a claim under the Equal Rights Amendment of the Pennsylvania Constitution. Defendants seek dismissal of this claim and argue that no private right of action exists for damages under the Pennsylvania Constitution. The Pennsylvania Superior Court has held that

5

the Pennsylvania Equal Rights Amendment prohibits local governments from denying an individual equal rights based on gender, but it "does not circumscribe, prohibit, or limit the conduct of private citizens or private entities." *Dillon v. Homeowner's Select*, 957 A.2d 772, 779 (Pa. Super. Ct. 2008). *Dillon* stands in contrast to this Court's earlier pronouncement "that individuals have standing to bring an action for damages under [the Pennsylvania Equal Rights Amendment]." *Jespersen v. H&R Block Mortg. Corp.*, Civ. A. No. 06-1212, 2006 WL 1997372, at *3 (E.D. Pa. July 13, 2006). Plaintiff's Counsel failed to note *Jespersen*, which, although it involved a private company, is favorable to Bookheimer's position. Given this Court's prior holding, Bookheimer may proceed with her claim against Montgomery County under the Pennsylvania Equal Rights Amendment. However, the Court must dismiss the Pennsylvania constitutional claims against the individual Defendants because Plaintiff failed to allege any facts against these Defendants.

## IV.  CONCLUSION

Plaintiff has stated a claim against Montgomery County under the Federal and Pennsylvania Equal Pay Acts. The Court will address Bookheimer's claim under the Pennsylvania Constitution at a later date if necessary. Her § 1983 claim against Montgomery County is dismissed without prejudice to raise in an Amended Complaint. An Order consistent with this Memorandum will be entered separately.